## THE STATE *versus* JAMES SMITH.

An officer, for the purpose of serving a process in any criminal proceeding, may, after a demand and refusal to open the doors of a house, break them; and he may do this in the night as well as by day.

THIS was an indictment on two counts. One charged the prisoner with resisting an officer while in the execution of his official duties, and the other charged him with a common assault upon the same officer as a private citizen.

At the trial here, on the general issue, May term, 1818, the prisoner was found guilty upon both counts. His counsel moved for a new trial, on the ground of misdirection by the court, that an officer after a demand and refusal was justified in breaking in the night time the doors of a house, to arrest the owner on a complaint and warrant for a breach of the peace.

*Sullivan* for the state.

*R. Fletcher* and *P. Walker* for the prisoner.

WOODBURY, J. delivered the opinion of the court.

There is some contradiction in the ancient authorities as to the point, whether a sheriff can break the doors of a dwell-

(1) *Bulsh.* 146, *Foster,* 8 ch. 20 sec.—12 *Co.* 131. ing-house, to serve a process for a breach of the peace (1.) But the principle seems never to have been doubted, that where a publick offence has been actually committed, any

(2) 5 *Co.* 92, *Semayn's case.*—2 *Hawk. b.* 2, ch. 14.—*Bac. Sh. n.* 2, & *Extu. M.* proceeding in the name of the publick for its punishment shall not be delayed by the privilege that every man's house is his castle (2.)

Some of the cases, supposed to be exceptions, are those where no crime had then been perpetrated; and the doctrine is occasionally laid down as to felonies alone, without particularizing breaches of the peace.

But it is well explained by *East*(3) that "this privilege "extends no further than as against arrests upon process in "civil suits. For when a felony has been committed, or "dangerous wound given, or even where a minister of justice "comes armed with process founded on a breach of the "peace, the party's own house is no sanctuary for him; but "the doors may be forced, after the notification, demand and "refusal, after mentioned."

(3) 1 *East C. L.* 324, *ch.* 5, *sec.* 88.

In respect to the other point: As civil process can be executed in the night as well as the day, no ground exists for a more rigorous rule of construction in relation to criminal process; and in 1 *East C. L.* 324, *ch.* 5, *sec.* 88, it is well observed, that such process may be executed "at night as "well as by day; and therefore killing the bailiff or other "officer, on pretence of his coming at an unseasonable hour, "would be murder."

*The motion cannot prevail.*

