### WARREN FOULTON WAUGH *v.* STATE OF MARYLAND

[No. 87, September Term, 1967.]

380

*Decided March 18, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John D. Hackett* for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E.*

*Moylan, Jr., State's Attorney for Baltimore City*, and *James B. Dudley, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

PER CURIAM.

The Appellant, Warren Foulton Waugh, was convicted of violating the narcotics laws by Judge J. Harold Grady, sitting without a jury, in the Criminal Court of Baltimore, and sentenced to two years in the Maryland House of Correction.

The record indicates that on January 17, 1967, members of the Baltimore City Police Department's Narcotics Squad, armed with a search and seizure warrant, proceeded to 1905 Harlem Avenue. They broke open the door and entered the premises without prior announcement, believing, according to the testimony, that by doing so they would prevent the possible destruction of evidence. At the time of their entry the Appellant was lying on a couch and attempted to run away as they entered. He was thereupon stopped by one of the officers and shown the warrant.

A search of the premises was conducted and the officers recovered a plastic vial containing six glassine bags of white powder and six white tablets, all of which were found under a cushion of the sofa on which the Appellant had been lying. Similar glassine bags containing a residue of white powder were found on the mantle of the fireplace. The Appellant was then placed under arrest and advised of his rights. The record indicates that nothing was seized from the Appellant's person but fresh needle marks were observed on his arms.

The Appellant testified in his own behalf and, while admitting that he was a user of narcotics, denied that he had attempted to run and likewise denied knowing that narcotics were under the cushion on which he was sleeping.

The Appellant first contends that his constitutional rights were violated by the unannounced breaking and entering into the premises. We disagree.

In *Henson v. State*, 236 Md. 518, the Court of Appeals had before it a nearly identical factual situation. There Judge Hammond (presently Chief Judge) reviewed the history of the gen-

eral rule proscribing unannounced searches of dwellings and then clearly and succinctly delineated the exceptions as follows (pp. 522-523) :

> "However, the rule often has been made subject to qualifications and exceptions even in states with statutes, so that by judicial decision announcement and demand are not a requisite where the facts make it evident the officers' purpose is known or where they would frustrate the arrest, increase the peril of the arresting officer or permit the destruction of evidence."
>
> * * *
>
> "If the exigencies and practicalities of the situation demand entry without prior notice and demand, force may be used to break and enter under authority of a valid search warrant. Practicalities and exigencies in searches for narcotics require the element of surprise entry, for if opportunity is given all evidence easily may be destroyed during the time required to give notice, demand admittance and accept communication of denial of entry. As one commentator said:
>
> ' "* * * it would seem that the perfection of small firearms and the development of indoor plumbing through which evidence can quickly be destroyed, have made [statutes requiring notice and entry before the use of force to enter] * * * a dangerous anachronism. In many situations today * * *, a rule requiring officers to forfeit the valuable element of surprise seems senseless and dangerous." '
>
> Kaplan, *Search and Seizure, A No-Man's Land in the Criminal Law,* 49 Cal. L. Rev. 474, 502."

In our opinion, *Henson, supra,* is dispositive of the Appellant's first contention.

The Appellant next contends that the trial court abused its discretion in admitting a chemist's report submitted through the prosecutor. No objection to the report was raised at trial and the matter is therefore not properly before us. Md. Rule 1085; *Dolan v. State,* 1 Md. App. 292.

The Appellant next contends that the failure of his trial counsel to object to the admission of the chemist's report amounted to incompetency. This contention is raised for the first time on the appeal and, as such, is not properly before the Court. Md. Rule 1085, *Howard v. State,* 1 Md. App. 379. In any event, there is nothing to indicate that the report was erroneous and an objection, although technically correct, would have served no ultimate useful purpose; however, a review of the record indicates that the trial counsel capably and vigorously represented the Appellant's interests. Accordingly, the contention is deemed to be without merit.

Finally, the Appellant contends that the trial court erred in not believing his testimony. It was for the trial judge to weigh the alibi testimony and he was not required to give it credence. *Logan v. State,* 1 Md. App. 213; *Bury v. State,* 2 Md. App. 647. Under all the circumstances here presented it is our opinion that there was legally sufficient evidence to sustain the conviction.

*Judgment affirmed.*