No. 25068.

THE PEOPLE OF THE STATE OF COLORADO *v.* BERNARD ROCKY
LUJAN AND BARBARA ANN VALDEZ.
(484 P.2d 1238)

Decided May 17, 1971.

JARVIS W. SECCOMBE, District Attorney, WILLIAM O.

PERRY, JR., Assistant, LEONARD M. CHESLER, Chief Deputy, COLEMAN M. CONNOLLY, Deputy, for plaintiff-appellee.

CARL L. HARTHUN, for defendants-appellants.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

THE defendants prosecute this interlocutory appeal pursuant to C.A.R. 4.1, claiming that the trial court erred in failing to suppress evidence seized by the police while conducting a search of the defendant Lujan's premises. On the basis of the evidence seized, the defendants were arrested and charged with possession of and conspiracy to possess narcotic drugs.

The facts are these: The police, armed with a valid search warrant, arrived at the Lujan residence at 6:30 p.m., January 14, 1970. As they approached the house, they noticed a light burning in a rear room, causing them to believe the occupant was at home. They knocked on the door, waited approximately one minute, and knocked again. When no one responded, the police used a sledge hammer to break down the door and gain entry. After entering the premises, Detective Martinelli encountered the defendant Lujan. The defendant was advised that the detective had a search warrant for the premises, and the defendant was then frisked for weapons. In patting down the defendant, the officer felt a hard object which he thought might be a pocket knife. Upon seizing the object, he discovered that it was a bundle of cigarettes. The defendant was immediately placed under arrest for possession of marijuana, and the search of the premises was then conducted. The search resulted in the seizure of a paper bag containing suspected marijuana, as well as the seizure of other evidence, including $1,080.00, which belonged to the

defendant Lujan. During the conduct of the search, the defendant Barbara Valdez, who was a visitor in the Lujan home, requested a hair brush from her purse. Although Barbara Valdez was admittedly not under arrest at the time, the purse was searched before the defendant was given her hair brush. In a small, zippered, inner compartment, the officer found a marijuana roach, which was seized for use as evidence.

The defendants' major contention is that the lawfulness of the search was vitiated by the method of entry into the house. They claim that before police officers may resort to a forced entry, they must identify themselves and make their purpose known.

This rule of prior notice was first enunciated in *Semayne's Case,* 5 Coke's Reports 91, 77 Eng. Rep. 194 (1603). There it was stated:

"In all cases where the King is party, the sheriff (if the doors be not open) may break the party's house, either to arrest him, or to do other execution of the K[ing]'s process, if otherwise he cannot enter. But before he breaks it, he ought to signify the cause of his coming, and to make request to open doors . . . ."

Since then, its continuing vitality in the English common law has been attested to by the commentators and the courts. *Launock v. Brown,* 2 B. & Ald. 592, 106 Eng. Rep. 482 (1819); *Curtis' Case,* Fost. 135, 168 Eng. Rep. 67 (1756); 1 *Hale, Pleas of the Crown* 583 (1736). *See also* 2 *Hawkins, Pleas of the Crown* (6th ed. 1787), c. 14, § 1; *Foster, Crown Law* 320-321 (1762).

The principle was adopted in the United States by decisions of the federal and state courts. *Accarino v. United States,* 179 F.2d 456 (D.C. Cir. 1949); *McCaslin v. McCord,* 116 Tenn. 690, 94 S.W. 79 (1906); *Barnard v. Bartlett,* 10 Cush. (64 Mass.) 501 (1852). *Cf., Hawkins v. Commonwealth,* 14 B. Mon. (53 Ky.) 395 (1854); *State v. Smith,* 1 N.H. 346 (1818). The rule was also enacted into law by the legislatures of numerous states and by the federal government. In *Gouled v. United*

*States,* 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921), it was established that a lawful entry was prerequisite to a reasonable search under the Fourth Amendment.

While no English decision clearly recognizes an exception to the requirement that the police first give notice of their authority and purpose before forcibly entering a home, several exceptions have been sanctioned in American cases where exigent circumstances exist. An exception has been upheld, for example, where notice is likely to result in the destruction of evidence. This exception was originally applied only in those instances where the police had reason to believe that destruction of evidence was then being attempted. *People v. McIlwain,* 28 A.D.2d 711, 281 N.Y.S.2d 218 (1967); *Henson v. State,* 236 Md. 518, 204 A.2d 516 (1964); *People v. Maddox,* 46 Cal. 2d 301, 294 P.2d 6 (1956). More recently, however, the exception has been held applicable in those instances where there is no reason to believe that evidence is being destroyed but only that it would be destroyed if the officers announced their presence. *State v. Clarke,* 242 So.2d 791 (Fla. 1970); *Waugh v. State,* 3 Md.App. 379, 239 A.2d 596 (1968); *State v. Juliano,* 97 N.J. Super. 28, 234 A.2d 236 (1967). *See Commonwealth v. Manduchi,* 203 Pa. Super. 373, 198 A.2d 613 (1964). As one commentator has said:

"[I]t would seem that the perfection of small firearms and the development of indoor plumbing through which evidence can quickly be destroyed, have made [statutes requiring notice of authority and purpose before the use of force to enter] . . . a dangerous anachronism. In many situations today . . . , a rule requiring officers to forfeit the valuable element of surprise seems senseless and dangerous."

Kaplan, *Search and Seizure, A No-Man's Land in the Criminal Law,* 49 Cal. L. Rev. 474, 502.

Other cases have held that notice is not required where the purposes of a valid search warrant would in all probability be frustrated, where life or safety

would be endangered, where it would enable escape, or where it would be a useless gesture. *See, e.g., Bosley v. United States,* 426 F.2d 1257 (D.C. Cir. 1970); *People v. De La Sierra,* 13 Cal. App.3d 528, 91 Cal. Rptr. 674 (1970); *People v. Villanueva,* 220 Cal. App.2d 443, 33 Cal. Rptr. 811 (1963); *Benefield v. State,* 160 So.2d 706 (Fla. 1964). *See also, Martone v. United States,* 396 F.2d 229 (1st Cir. 1968).

Ever since the holding of the United States Supreme Court in *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1962), there has been no reason to believe that binding constitutional safeguards are affronted by the holdings of these cases. In the *Ker* case, police officers entered an apartment unannounced, without permission and by force, in order to prevent destruction of narcotics. The United States Supreme Court, nonetheless, concluded "that in the particular circumstances of this case the officers' method of entry ... was not unreasonable under the standards of the Fourth Amendment as applied to the States through the Fourteenth Amendment."

■ Therefore, we hold that henceforth when police officers attempt a forced entry, they must first identify themselves and make their purpose known, unless (1) the warrant expressly authorizes forced entry without such a prior announcement, or (2) the circumstances known to such officer or person at the time of forced entry, but, in the case of the execution of a warrant, unknown to the applicant when applying for such warrant, give him probable cause to believe that — (a) such notice is likely to result in the evidence subject to seizure being easily and quickly destroyed or disposed of, which is true in every case involving a search for narcotics, (b) such notice is likely to endanger the life or safety of the officer or other person, (c) such notice is likely to enable the party to be arrested to escape, or (d) such notice would be useless gesture.

■ By judicial decision, Minnesota has required that

exigent circumstances be determined by the magistrate. *State v. Parker*, 283 Minn. 127, 166 N.W.2d 347 (1969). We do not believe that police discretion should always be so limited. In many instances, the facts requiring immediate entry by force will not be known to the officer when he obtains the warrant. Where the notice and purpose requirement is to be dispensed with, however, the officers must sustain the burden of showing the exigent circumstances under which they assumed the power to enter forcibly. *Berigan v. State*, 2 Md. App. 666, 236 A.2d 743 (1968); *People v. Hamilton*, 257 Cal. App.2d 296, 64 Cal. Rptr. 578 (1967).

Many searches will not require that this invasion of privacy be perpetrated. Certainly, if the police officers are searching for a grand piano, notice can fairly be required without jeopardizing police search and seizure practice.

Two additional points which were raised on appeal must be decided. The first relates to the admissibility of the suspected roach which was seized from the purse of the defendant Barbara Valdez. We hold that the search of the defendant's purse was unwarranted and that the evidence seized be suppressed. As personal property of a guest on the premises, the purse was not subject to search under the search warrant. Nor was it searched incident to the defendant's arrest. It has been argued that the purse was merely frisked for weapons, but the argument is unpersuasive, inasmuch as the police officer searched all of the various compartments of the purse, as well as examining all of the articles therein.

Finally, we hold that the $1,080.00 belonging to the defendant Lujan must be returned. We stated in *People v. Henry*, 173 Colo. 523, 482 P.2d 357 (1971):

"When a defendant demonstrates that an article is not specifically described in the warrant, and when it is not *per se* connected with criminal activity, the burden of showing that it is so connected falls upon the People."

Here, the money was not mentioned in the warrant, it

was not *per se* connected with criminal activity, and the people failed to show a nexus between the money seized and criminal activity. Moreover, as testified by the defendant, the money had been lent to him by family members and friends to defray the cost of his deceased daughter's funeral.

We, therefore, direct the trial judge to suppress the evidence obtained from the purse of the defendant Barbara Ann Valdez and to order the return of the $1,080.00 seized from the defendant Bernard Rocky Lujan. The trial court's ruling in all other respects is affirmed.

Accordingly, the ruling is affirmed in part, reversed in part, and remanded to the trial court with directions to suppress evidence and to order the return of monies heretofore taken, as hereinabove set forth.