The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gerald P. LOWE, Defendant–Appellant.

No. 96CA1368.

Colorado Court of Appeals, Div. IV.

Feb. 19, 1998.

Rehearing Denied March 26, 1998.

Certiorari Denied Nov. 9, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, C. Keith Pope, Deputy State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Gerald P. Lowe, appeals the trial court's order denying his request for a jury trial to determine his eligibility for release from the Department of Human Services to the Department of Corrections and ordering such release be effected. We reverse the order and remand for a jury trial.

In August 1992, defendant was indicted on two counts of first degree murder. He pled not guilty by reason of insanity to the second count and the court entered the same plea for the first count. Jurors were unable to reach a verdict in his sanity trial.

In a subsequent trial to the court, defendant pled guilty to the first murder charge and was sentenced to life in prison without parole. As to the second murder charge, the court found that the state had failed to prove defendant's sanity beyond a reasonable doubt and committed defendant to the Department

of Human Services, to be followed by incarceration for life at the Department of Corrections, for his conviction on the first murder charge, if and when defendant was found to be eligible for release from hospital care.

In November 1995, the court received a report from the Colorado Mental Health Institute indicating that defendant no longer suffered from an abnormal mental condition which would be likely to cause him to be dangerous to himself, others, or the community, in the reasonably foreseeable future. Therefore, the report concluded defendant was eligible to be released from hospital care into the custody of the Department of Corrections to begin serving his life sentence.

Defendant disputed the report's findings and requested a jury trial to determine his eligibility for release pursuant to § 16–8–115(2), C.R.S.1997. The court appointed a physician to perform a second release examination of defendant, and the prosecution filed a motion to deny defendant's request for a jury trial. The court granted the prosecution's motion after a review of the second release examination report.

The court found that both reports indicated that defendant was eligible for release and ordered him remanded to the Department of Corrections. Execution of the order has been stayed pending our determination of this appeal.

### I.

Defendant argues that the trial court erred in denying his request for a jury trial and remanding him to the Department of Corrections because the court misconstrued § 16–8–115, C.R.S.1997. We agree.

Section 16–8–115 governs the timing and general provisions pertaining to release hearings for a criminal defendant committed to the Department of Human Services. It provides, in pertinent part:

(1) The court may order a release hearing at any time on its own motion, on motion of the prosecuting attorney, or on motion of the defendant. *The court shall order a release hearing upon receipt of the report of the chief officer of the institution in which the defendant is committed that the* *defendant no longer requires hospitalization. . . .*

. . . .

(2)(a) The court shall order a release examination of the defendant ... when either the prosecution or defense moves for an examination of the defendant at a different institution or by different experts. The court may order any additional or supplemental examination, investigation, or study which it deems necessary to a proper consideration and determination of the question of eligibility for release. *The court shall set the matter for release hearing after it has received all the reports which it has ordered under this section. When none of said reports indicates that the defendant is eligible for release, the defendant's request for release hearing shall be denied by the court if the defendant is unable to show by way of an offer of proof any evidence by a medical expert in mental disorders that would indicate that the defendant is eligible for release.*

. . . .

*The release hearing shall be to the court, or, on demand by the defendant, to a jury of not to exceed six persons.* (emphasis added)

A division of this court has concluded that the mandatory provisions of § 16–8–115(1), C.R.S.1997, requiring a hearing are not triggered until defendant demonstrates pursuant to § 16–8–115(2), C.R.S.1997, by offer of proof or medical documentation, that there is some evidence to indicate he or she is eligible for release. *People v. Armstrong,* 919 P.2d 826 (Colo.App.1995).

However, in its motion to deny defendant's request for a jury trial, the prosecution argued that § 16–8–115(2) was intended to address defendants seeking release from hospitalization and that it was silent in situations such as here in which the defendant wished to remain in hospital care and contested his or her eligibility for release.

Accepting this reasoning, the court construed the statute, replacing: "When none of said reports indicates that the *defendant is eligible for release,*" with "defendant should

be retained in the hospital," and "defendant should be kept in the hospital." The court reasoned that because both reports indicated that defendant was eligible for release and defendant could not demonstrate that he was ineligible for release, even by cross-examination of the reports' authors, he should be remanded to the Department of Corrections.

In construing a statute, the court must look to its language and must give effect to each word and phrase using commonly accepted meanings. *See Regional Transportation District v. Lopez,* 916 P.2d 1187 (Colo.1996). If statutory language is ambiguous, the court must construe the statute according to the legislative intent underlying the statute. *See Danielson v. Castle Meadows, Inc.,* 791 P.2d 1106 (Colo.1990). However, if the statutory language is unambiguous, the court need not resort to interpretive rules of statutory construction. *See PDM Molding, Inc. v. Stanberg,* 898 P.2d 542 (Colo.1995).

The plain language of § 16–8–115 indicates that it applies to factual situations in which the defendant is seeking to be released from hospital care, as opposed to the situation here, in which defendant seeks to remain in the hospital. Consequently, further speculative interpretation or rewording of the statute is inappropriate and unnecessary as its plain meaning indicates that it does not apply to this factual situation.

Section 16–8–115 does, however, provide the procedural framework for §§ 16–8–116 and 16–8–117, C.R.S.1997, which are applicable to defendant's situation and are to be read in conjunction with § 16–8–115.

## II.

Defendant asserts that the trial court erred in denying him a jury trial because §§ 16–8–116 and 16–8–117 mandate a hearing when the court receives a report from the treating institution deeming the defendant eligible for release. We agree.

Sections 16–8–116 and 16–8–117 mandate a hearing for a defendant committed after a finding of not guilty by reason of insanity, and entitle the defendant to a jury trial on eligibility for release from commitment, whether or not eligibility for release is contested.

Section 16–8–116 provides in pertinent part:

(1) When the chief officer of the institution in which a defendant has been committed after a finding of not guilty by reason of insanity determines that the defendant no longer requires hospitalization because he no longer suffers from a mental disease or defect which is likely to cause him to be dangerous to himself, to others, or to the community in the reasonably foreseeable future, such chief officer shall report this determination to the court that committed the defendant and the prosecuting attorney, including in the report a report of examination equivalent to a release examination....

(2) Within thirty days after receiving the report of the chief officer of the institution having custody of the defendant, *the court shall set a hearing on the discharge of the defendant in accordance with section 16–8–115, whether or not such report is contested.*

(emphasis added)

Section 16–8–117 provides in pertinent part:

When a determination is to be made as to a defendant's competency to proceed or eligibility for release, the court shall explain to the defendant the nature and consequences of the proceeding and the rights of the defendant under this section, *including his right to a jury trial upon the question of eligibility for release. The defendant, if he wishes to contest the question, may request a hearing which shall then be granted as a matter of right.* ...

(emphasis added)

The prosecution argues that this issue was not properly preserved for appeal because the court's decision and both parties' arguments were based solely on § 16–8–115(2). Regardless of whether §§ 16–8–116 and 16–8–117 were mentioned in the trial court, this court has the obligation to read statutes pertaining to the same subject matter *in pari materia* to ensure legislative intent is fulfilled and to avoid inconsistency. *People v. Harris,* 914 P.2d 425 (Colo.App. 1995).

Although § 16–8–115(2) substantively applies only to defendants seeking release from

hospitalization, it provides the procedural framework for §§ 16–8–116 and 16–8–117.

The emphasized language of § 16–8–116 quoted above specifically refers to the procedure set out in § 16–8–115, while § 16–8–117 refers to a defendant's entitlement as a "matter of right" to a jury trial in order to contest the issue of his or her eligibility for release.

Therefore, we understand these sections to mean, in accordance with § 16–8–115, that the defendant shall be entitled to a release hearing to be held to the court or, on demand by the defendant, to a jury not to exceed six persons.

Because §§ 16–8–116 and 16–8–117, when read in conjunction with the procedure of § 16–8–115, entitle a defendant to a jury trial on his eligibility for release from commitment, whether or not such release is contested by offer of proof or medical documentation, we perceive no justification for denying defendant that right here.

The order releasing defendant from the Department of Human Services is reversed and the cause is remanded for further proceedings consistent with this opinion.

HUME, C.J., and RULAND, J., concur.