The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Grant M. **GEISENDORFER,** Defendant–Appellant.

No. 97CA2025.

Colorado Court of Appeals, Div. IV.

Sept. 16, 1999.

Rehearing Denied Nov. 12, 1999.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Mignon H. Adolph, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Grant M. Geisendorfer, appeals the judgment of conviction entered upon jury verdicts finding him guilty of felony menacing, prohibited use of a weapon, and reckless endangerment. We affirm.

## I.

Defendant contends that his menacing conviction must be reversed because the jury was not properly instructed that defendant's conduct must have placed the victim in fear of "imminent" serious bodily injury. He ar-

gues that, by omitting any reference to "imminent" in the instruction, the trial court omitted an element of the offense, resulting in a structural error subject to automatic reversal. We agree that the instruction was erroneous. However, we disagree that reversal is required.

Here, the trial court instructed the jury that the elements of felony menacing included that defendant:

3. by threat or physical action,

4. knowingly placed or attempted to place another person in fear of serious bodily injury,

5. by the use of a deadly weapon.

The instruction was flawed because it did not advise the jury that defendant's conduct must have placed the victim in fear of "imminent" serious bodily injury. *See* § 18–3–206, C.R.S.1999; *see also People v. Hines,* 780 P.2d 556 (Colo.1989); *COLJI Crim.* No. 10:16 (1983).

On appeal, the People do not challenge the characterization of the omitted term as an "element" of the offense. We will therefore assume, for purposes of our analysis, that an element of the offense was omitted from the instruction. We will further assume that the error was a "constitutional violation." *See People v. Vance,* 933 P.2d 576 (Colo.1997)("materiality" was an element of the offense of perjury, and failure to give jury instruction on the element violated defendant's Sixth Amendment right to trial by jury on every element of the offense); *see also Bogdanov v. People,* 941 P.2d 247 (Colo.1997)(certiorari review granted "to determine if the pattern complicity instruction violates due process"). We nevertheless conclude that, in the circumstances presented here, the error may properly be treated as harmless.

### A.

■ Constitutional violations that may occur during the course of a criminal proceeding fall into two categories: "trial errors" and "structural errors." Trial errors are those that may be quantitatively assessed in the context of other evidence presented and are therefore subject to harmless and plain error analyses. Structural errors are the consequences of a defect in the trial that is necessarily unquantifiable and indeterminate, rendering the entire trial fundamentally unfair and warranting automatic reversal. Examples of structural errors include the absence of defense counsel, a biased adjudicator, the unlawful exclusion of members of the defendant's race from the grand jury, and denial of the right to public trial. *See Cooper v. People,* 973 P.2d 1234 (Colo.1999); *Bogdanov v. People, supra; see also People v. Price,* 969 P.2d 766 (Colo.App.1998).

In *People v. Vance, supra,* the supreme court determined that the failure to instruct a jury on an element of an offense constituted a structural error requiring automatic reversal. Its analysis relied entirely on federal precedent, including *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

The court reaffirmed the *Vance* holding in *Cooper v. People, supra,* and *Bogdanov v. People, supra.* It again relied entirely on federal precedent.

However, the United States Supreme Court recently reached the contrary conclusion in *Neder v. United States* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). In a divided opinion, the Court rejected the contention that, under its analyses in prior decisions such as *Sullivan v. Louisiana, supra,* a constitutional violation resulting from the omission from a jury instruction of a single element of an offense necessarily constitutes structural error. It determined that such an error could be subject to a harmless error analysis.

The Supreme Court then adopted the following test for harmless error when reviewing the erroneous omission of an element:

[W]here the reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless.

*Neder v. United States, supra,* 527 U.S. at ——, 119 S.Ct. at 1837, 144 L.Ed.2d at 52.

■ The United States Supreme Court is the final interpreter of the United States Constitution. *See Lujan v. Colorado State Board of Education,* 649 P.2d 1005 (Colo. 1982); *see generally* R. Rotunda & J. Nowak, *Treatise On Constitutional Law* §§ 1.5 & 1.6 (2d ed.1992). Thus, to the extent defendant argues that the error in the jury instruction was a structural error for purposes of analysis under the federal constitution, the argument must fail.

Further, in neither the opening nor the reply brief on appeal did counsel for defendant argue that a different result should obtain with an analysis under our state constitution. Nor did counsel, in response to supplemental authority filed by the People citing *Neder v. United States, supra,* file before oral arguments any supplemental authority pertaining to an analysis under our state constitution.

For the first time in oral arguments, counsel for defendant asserted that we should treat the error in defendant's jury instruction as a structural error under a state constitutional analysis. The argument, in essence, is that the United States Supreme Court in *Neder* was interpreting only the federal constitution. In contrast, our supreme court reached the opposite conclusion in *Cooper, Bogdanov,* and *Vance* without limiting its analysis to the federal constitution.

According to defendant's argument, we are therefore bound to conclude, and even if not bound, should conclude, that at least for purposes of analysis under our state constitution, the omission in defendant's jury instruction was a structural error. The effect would be to provide under our state constitution a broader scope to an accused's right to a jury trial than is now afforded under the federal constitution.

After oral argument, defense counsel filed supplemental authority supporting two propositions. The first is that, in some circumstances, the Colorado Supreme Court has interpreted our state constitution to afford more protection to citizens than has been provided by the United States Supreme Court's interpretation of the federal constitution. The second is that, by creating a state constitutional right to a jury trial for petty offenses, Colorado has demonstrated an intent to expand constitutional rights specifically in regard to the right to a jury trial.

We will assume that the issue of a proper analysis under our state constitution is properly before us. Nevertheless, we are not persuaded that we should reach a result different from that of the United States Supreme Court in *Neder.*

Under the doctrine of *stare decisis,* we are bound to follow decisions of our state supreme court interpreting our state constitution, despite any federal decisions to the contrary. *See generally* R. Rotunda & J. Nowak, *supra.* However, "[s]tare decisis is limited to actual determinations in respect to litigated and necessarily decided questions." *See People v. Caro,* 753 P.2d 196 (Colo. 1988)(fn.7).

■ The supreme court in *Cooper, Bogdanov,* and *Vance* relied entirely on what it viewed as controlling federal precedent. In none of these cases did the court indicate that the defendant argued for a different analysis under our state constitution of what constitutes structural error. Likewise, in none of the cases did the court engage in a separate analysis under our state constitution, or even separately reference the state constitution. As a result, the doctrine of *stare decisis* is not applicable to the question before us. *See People v. Caro, supra.*

Furthermore, again relying on federal precedent, the court in both *Cooper* and *Bogdanov* stressed that there is a "strong presumption" that any errors are not structural. Rather, even constitutional violations are presumed to be subject to analysis for plain or harmless error. We perceive no reason why the supreme court would both disregard that presumption and refuse to follow the decision of the United States Supreme Court in *Neder. Cf. Denver Local Union No. 13 v. Perry Truck Lines, Inc.,* 106 Colo. 25, 101 P.2d 436 (1940)(when interpreting state statutes to resolve issues of first impression, it is the general policy of the supreme court to follow decisions of the United States Supreme Court rather than those of other states).

In addition, in *People in re A.C.*, 991 P.2d 304 (Colo.App.1999), a division of this court recently addressed whether a juvenile in delinquency proceedings had any greater constitutional right to a jury trial under the state constitution than under the federal constitution. The division noted that, on those occasions when the supreme court has construed the state constitution more expansively than the federal constitution, the purpose has customarily been to limit government encroachment on the rights of citizens in their daily lives. The division was not persuaded to construe the state constitution to include a right to a jury in delinquency proceedings that was not available under the federal constitution.

■ For similar reasons, we conclude that, were the supreme court to make an actual determination whether, when analyzed under the state constitution, the omission of an element from a jury instruction constitutes a structural error, it would likely follow the analysis of the United States Supreme Court in *Neder.* Hence, we further conclude that, even assuming a proper objection to the jury instruction had been timely raised, a harmless-error analysis is required in this case.

### B.

■ In determining whether the error was harmless in the circumstances presented here, we initially note that, despite the written instruction, the prosecutor in closing arguments properly phrased the question for the jury as whether defendant placed another person in fear of "imminent" serious bodily injury. The prosecutor's answer was that the victims were of course in fear of dying "right there on the spot."

More importantly, defendant's theory of defense, as presented by defense counsel in closing arguments, was that the prosecution had not proven defendant intentionally pointed the gun at the victims. Thus, even though the gun may have been pointed in the general direction of the victims, and even though defendant may have been guilty of lesser offenses, he was not guilty of attempted second degree murder.

Defendant's theory of defense did not challenge whether the victims had been placed in fear of "imminent" serious bodily injury. Indeed, no reasonable jury could have determined that defendant's conduct, to the extent it placed the victims in fear of being shot, placed them in fear of any kind of serious bodily injury other than "imminent." Defense counsel on appeal has not argued to the contrary, either in the written briefs or at oral argument.

Applying the test articulated in *Neder* to these circumstances, we conclude that the error in the instruction was necessarily harmless.

### II.

Defendant next contends that allegedly improper statements made by the prosecutor during closing argument require reversal. Again, we disagree.

■ Claims of improper argument must be evaluated in the context of the argument as a whole and in light of the evidence before the jury. The trial court is in the best position to make such an evaluation, *People v. Gutierrez*, 622 P.2d 547 (Colo.1981), and its ruling will not be disturbed on appeal in the absence of a gross abuse of discretion resulting in prejudice and denial of justice. *People v. Moody*, 676 P.2d 691 (Colo.1984).

■ During closing argument, a prosecutor may argue the facts in evidence and reasonable inferences from those facts. *People v. Herr*, 868 P.2d 1121 (Colo.App.1993).

■ Here, during his summation, the prosecutor argued that, by requesting that the jury be instructed on the lesser offense of prohibited use of a weapon, and by conceding that defendant was guilty of the crime, defendant had conceded that he pointed the gun at the victim. Defendant objected on the basis that, under § 18–12–106, C.R.S. 1999, a conviction for prohibited use of a weapon was not limited to a finding that defendant knowingly and unlawfully aimed a firearm at the victim. A conviction could be based on the alternative theory that defendant recklessly or with criminal negligence discharged a firearm.

In response to defendant's objection to the prosecutor's remarks, the court cautioned the prosecutor to "be careful ... with regards to

the argument you make here concerning those instructions," and stated that "the instructions will speak for themselves and the jurors will have a chance to read them in the jury room." The court then denied defendant's motion for mistrial based on the prosecutor's comments.

We find no abuse of discretion in the trial court's ruling. The prosecutor's statement, though inaccurate, constituted a very small portion of the argument as a whole. Further, the statement was made in support of an argument that the jury should convict defendant of attempted second degree murder. The jury acquitted defendant of that charge. The acquittal, particularly when considered together with the other two offenses of which defendant was convicted, makes it unlikely that the prosecutor's comment contributed to the jury's verdict on the charge of prohibited use of a weapon. *Cf. People v. Brooks*, 950 P.2d 649 (Colo.App. 1997), *aff'd*, 975 P.2d 1105 (Colo.1999).

█ In addition, the trial court at the close of the evidence properly instructed the jury that a person may be convicted of prohibited use of a weapon based on a finding either that he aimed a firearm at another person *or* that with recklessness or with criminal negligence he discharged a firearm. In another instruction, the court told the jury that it was to follow the "rules as I explain them to you," and admonished the jury not to be guided by counsel's comments regarding the rules. Thus, to the extent the prosecutor's remarks may have been misleading, the trial court's instructions corrected that misimpression. Absent a showing to the contrary, we presume the jury understood and heeded the court's instructions. *See People v. Brooks, supra.*

Under these circumstances, we conclude that the trial court did not abuse its discretion by denying defendant's motion for mistrial based on the prosecutor's remarks.

The judgment is affirmed.

Judge PLANK and Judge KAPELKE concur.