The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Robert W. GREGOR, Defendant–
Appellant.

No. 99CA0703.

Colorado Court of Appeals,
Div. IV.

Dec. 21, 2000.

Certiorari Denied June 25, 2001.

Ken Salazar, Attorney General, Hugo Teu-fel, Special Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Christopher H. Gehring, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Robert W. Gregor, appeals the judgment of conviction entered upon a jury verdict finding him guilty of one count of driving after revocation prohibited (DARP). We affirm.

Defendant and his fiancée went to a bar, and afterward they disagreed about whether they should go home. Defendant's fiancée decided to leave. She threw the car keys at

defendant and walked to a nearby friend's house.

Four hours later, a police officer responded to a call reporting that there was a man in a truck outside a bar. When the officer arrived, she found defendant sitting in the driver's seat of his truck and noticed that the truck's lights were not on, but there was exhaust coming out of the tailpipe. Upon approaching the truck, she observed defendant turn off the ignition and throw what looked like the keys onto the front passenger seat.

When asked to get out of the truck, defendant stumbled. The officer smelled alcohol on his breath and also noticed his bloodshot eyes and slurred speech.

Another officer arrived and radioed defendant's driver's license information to the police dispatcher. The dispatcher responded that defendant was a habitual traffic offender. Defendant declined to take a roadside sobriety test and was arrested for driving under the influence. On the way to the police station, a police officer informed defendant that he was a habitual traffic offender. Defendant later admitted that he had received notice of his habitual traffic offender status through the mail.

Defendant was charged with one count of driving under the influence and one count of driving after revocation prohibited. After a jury trial, he was acquitted of the driving under the influence charge, but was convicted of driving after revocation prohibited, a class six felony.

## I. Jury Instruction on DARP

█ Defendant contends that the trial court committed structural error when it failed to instruct the jury on two essential elements of the driving after revocation prohibited statute. We conclude that there was no error, and so we need not consider whether there was structural error or plain error.

Defendant was convicted of driving after revocation prohibited under a prior version of the statute that is substantially similar to the present version, § 42–2–206, C.R.S.2000. The first sentence of this statute, which has not changed, states: "It is unlawful for any person to operate a motor vehicle in this state while the revocation of the department prohibiting the operation remains in effect." Section 42–2–206(1)(a)(I).

The model jury instruction for DARP sets forth the elements of the offense as including that the defendant:

3) having been found to be a habitual traffic offender by the Department of Motor Vehicles,

4) with notice of the revocation of his privilege to drive,

5) operated a motor vehicle,

6) while the revocation of the Department prohibiting such operation remained in effect.

*COLJI–Crim.* No. 37:03 (1983).

Here, the trial court instructed the jurors that the elements of DARP were that the defendant:

3) Knowingly,

4) Operated or drove a motor vehicle

5) Knowing his privilege to drive a motor vehicle in this state was revoked pursuant to the habitual offender statute.

Defendant argues that, because the jury instruction given at his trial did not include elements three and six of the model jury instruction, we should reverse his conviction. We decline to do so.

While the jury instruction given in defendant's case did not track each of the six elements listed in the model jury instruction, it did list all of the essential elements of the crime, as required by § 42–2–206. The fifth element of the jury instruction given here required the jury to find that defendant was operating a motor vehicle "knowing his privilege to drive a motor vehicle in this state was revoked pursuant to the habitual offender statute." This element encompassed both the third and sixth elements of the model jury instruction, which require a jury to find that a defendant is a habitual traffic offender and that he or she was operating a motor vehicle while a revocation remained in effect.

Because the jury instruction included each element of the crime, as set forth in § 42–2–206, the trial court did not err when it in-

structed the jury on the driving after revocation prohibited charge.

## II. Definition of "Operate"

■ Defendant contends that the trial court committed error when it failed to instruct the jury that the statutory term "operate" requires actual movement of the vehicle. We disagree.

Here, at defendant's request, the court instructed the jury that defendant could be convicted of driving after revocation prohibited if he "knowingly operated or drove a motor vehicle." The court defined "drove" as meaning "in actual physical control of a motor vehicle." The court did not define "operate." Later, the jury asked for a definition of "operate," and the court responded that "there is no legal definition" and instructed the jury to use the instructions provided.

As noted, § 42–2–206(1), the DARP statute, provides that a person may not operate a motor vehicle while his or her license is revoked. However, this section does not define the term "operate." Defendant argues that the definition of "operate" requires more than actual physical control of the vehicle, i.e., that it requires actual movement. The People argue that the term "operate" is broader than the term "drove" and is not limited to actual movement of the vehicle. We agree with the People.

■ In construing a statute, a court must look to its language and must give effect to each word and phrase using commonly accepted meanings. *People v. Lowe*, 967 P.2d 177 (Colo.App.1998). If the language of the statute is unambiguous, we rely upon the plain meaning of the words used. *In re People in Interest of K.N.*, 977 P.2d 868 (Colo.1999). However, if the statutory language is ambiguous, we look to principles of statutory construction to ascertain legislative intent. *Gorman v. Tucker*, 961 P.2d 1126 (Colo.1998).

Contrary to defendant's contention, there is no indication in the statutory framework that "operate" requires actual movement of a motor vehicle.

The dictionary definition of "operate" is: "to cause to occur . . . to cause to function usually by direct personal effort." *Webster's Third New International Dictionary* 1580–81 (1986). There is no movement requirement associated with this term. Therefore, we conclude that the term "operate" does not require actual movement of a vehicle. *See Brewer v. Motor Vehicle Division*, 720 P.2d 564, 567 (Colo.1986) (under "express consent" statute, term "driving" means being "in actual physical control" of a motor vehicle and is not limited to "placing and controlling a vehicle in motion").

Here, defendant caused the truck to function by sitting in the driver's seat and turning on the ignition. Therefore, defendant "operated" the truck within the meaning of the statute. *See Motor Vehicle Division v. Warman*, 763 P.2d 558 (Colo.1988) (a person who places himself or herself behind the steering wheel of a car with the engine running is in actual physical control of the vehicle, and thus is "driving," under "express consent" statute).

Consequently, the trial court did not err in failing to define "operate" as requiring actual movement of the vehicle. Our rejection of defendant's contention in this regard also negates his assertion that the prosecution failed to prove every element of the offense.

## III. Due Process

■ Defendant argues that the trial court violated his due process rights when it instructed the jury that it was required to find that defendant was in "actual physical control" of the motor vehicle by only a "totality of the circumstances" rather than "beyond a reasonable doubt." In addition, defendant argues that the trial court violated his due process rights when it provided the jury with an instruction listing factors to consider when determining if he was in "actual physical control" of the motor vehicle. We disagree.

■ Under the doctrine of invited error, a party may not complain on appeal of an error that he or she has invited or injected into the case; he or she must abide the consequences

of his or her acts. *People v. Zapata,* 779 P.2d 1307 (Colo.1989).

Here, defendant not only consented to the use of the three jury instructions that he now claims violated his due process rights; he suggested adding the words "or drove" to the instruction concerning the DARP statute. As noted above, that statute only requires a finding that a defendant "operate" a motor vehicle. Had defendant not so requested, the court would have been able to instruct the jury without using the phrase "actual physical control" to which defendant now objects. Furthermore, defendant did not object to the instruction defining the term "drove" as requiring "actual physical control of a motor vehicle ... to be decided by a totality of the circumstances." *See People v. Swain,* 959 P.2d 426 (Colo.1998) (defining the term "drive" as requiring "actual physical control" of a vehicle as decided by a totality of the circumstances).

Likewise, defendant consented to the instruction listing factors that the jury could consider when determining whether defendant was in "actual physical control" of the vehicle.

Thus, defendant's affirmative proposal with respect to one instruction and acquiescence in two others, which related directly to the first instruction, led to invited error here. Accordingly, the doctrine of invited error precludes defendant from challenging the instructions to which he expressly consented at trial

### IV. Void for Vagueness

Defendant finally contends that if we conclude that "actual physical control" defines the term "operate" in the DARP statute, then the trial court's definition of "actual physical control" in the jury instructions rendered the DARP statute, as applied, unconstitutionally void for vagueness. We disagree.

Our determination that defendant invited any error resulting from his proposed jury instruction extends to the issue of whether the court's instruction defining "drove" as "actual physical control" renders the DARP statue unconstitutionally void for vagueness.

But for defendant's urging that the jury be instructed as to the term "drove," no instruction containing the phrase "actual physical control" would have been necessary, nor would the court have needed to define "drove" using the phrase "actual physical control." Therefore any error was invited. *See People v. Zapata, supra.*

Judgment affirmed.

MARQUEZ and CASEBOLT, JJ., concur.