The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Robert Shane BUTLER, Defendant–
Appellant.

No. 08CA0944.

Colorado Court of Appeals,
Div. I.

July 22, 2010.

---

John W. Suthers, Attorney General, Christopher Y. Bosch, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Offices of Brad Junge, P.C., Brad Junge, Grand Junction, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Robert Shane Butler, appeals the trial court's judgment of conviction entered on a jury verdict finding him guilty of two counts of attempting to disarm a police officer. We affirm.

## I. Background

Butler allegedly assaulted someone with a large knife on June 16, 2007. On June 18, officers attempted to execute a search warrant in connection with that incident. As a result of Butler's interaction with the officers executing the search warrant, Butler was charged with attempted first degree murder, first degree assault, two charges of attempting to disarm a police officer, first degree assault with a deadly weapon in the heat of passion, and two counts of crime of violence.

The trial court severed Butler's charges of attempting to disarm a police officer from the other charges, and a jury found him guilty of both counts of attempting to disarm a police officer. The trial court sentenced him to concurrent sentences of eighteen months in the Department of Corrections. Butler thereafter pleaded guilty to first degree assault with a deadly weapon in the heat of passion in exchange for dismissal of the remaining charges and was sentenced to seven years in the Department of Corrections.

This appeal followed.

## II. Effect of Plea Bargain

Butler contends his convictions should be reversed on appeal. We disagree that all of Butler's convictions are subject to reversal.

A valid, unconditional guilty plea waives all nonjurisdictional objections, including allegations that constitutional rights have been violated. *People v. Neuhaus*, 240 P.3d 391, 393 (Colo.App.2009). A guilty plea waives a defendant's right to challenge his or her plea on the basis of an illegal search and seizure. *People v. Bachofer*, 85 P.3d 615, 617 (Colo.App.2003).

Butler pleaded guilty to assault with a deadly weapon and has not challenged the validity of that plea. Consequently, he may not raise nonjurisdictional issues on appeal with respect to that conviction.

## III. Knock and Announce

■ Butler's principal contention on appeal is that the trial court erred in denying his motion to suppress evidence from the police's knock-and-announce search because the search violated his Fourth Amendment rights.[1] We decline to address the merits of this issue because we conclude Butler does not have any remedies in this direct appeal of his conviction.

■ The Fourth Amendment generally requires law enforcement officials to knock and announce their presence when executing a search warrant. *People v. Russom*, 107 P.3d 986, 990 (Colo.App.2004) (notice requirement is not necessary in cases involving exigent circumstances).

On appeal, Butler initially contended that police officers violated the knock-and-announce rule and his Fourth Amendment rights by not waiting a reasonable amount of time before entering his residence to execute a search warrant. Butler relied on *People v. Lujan*, 174 Colo. 554, 559, 484 P.2d 1238, 1241 (1971), which outlines the reasonableness standard of a search. He also relied on *United States v. Jenkins*, 175 F.3d 1208, 1213–14 (10th Cir.1999), to assert that an officer entering a defendant's home pursuant to a knock-and-announce search without waiting a sufficient period violates the defendant's Fourth Amendment rights, resulting in suppression of illegally obtained evidence. *Jenkins* reviewed other federal cases and held that the amount of time officers must wait before entering depends on the particular facts and circumstances of each case. *Id.* Relying on *Lujan* and other cases, the People contended the search was reasonable under both Colorado and federal standards and did not violate Butler's Fourth Amendment rights. *See, e.g., United States v. Myers*, 106 F.3d 936, 939–40 (10th Cir.1997) (holding ten-second wait before entering was reasonable); *United States v. Knapp*, 1 F.3d 1026, 1031 (10th Cir.1993) (holding ten- to twelve-second wait was reasonable); *Lujan*, 174 Colo. at 559, 484 P.2d at 1241.

Neither party cited *Hudson v. Michigan*, 547 U.S. 586, 594, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006), where the United States Supreme Court held that a violation of the knock-and-announce rule does not permit suppression of any illegally obtained evidence found in the search. Moreover, neither party addressed the supreme court's holding in *People v. Gifford*, 782 P.2d 795, 799 (Colo. 1989), relying on federal law, that the appropriate remedy for a violation of the knock-and-announce rule is suppression of the evidence.[2] Accordingly, we requested supplemental briefs from the parties to discuss whether Butler has a remedy in this case even if his Fourth Amendment rights were violated.

In *Hudson*, the Supreme Court concluded, under the Fourth Amendment, that the knock-and-announce rule protects property and human life and limb by alerting occupants to the presence of police and giving them an opportunity to prepare themselves for the entry of the police and comply with the warrant. 547 U.S. at 594, 126 S.Ct. 2159. The Court reasoned that the rule was never intended to protect a defendant's interest in preventing the government from seeing or taking evidence described in a warrant. Thus, the *Hudson* Court held that civil remedies provide a sufficient deterrent to violations of the knock-and-announce rule. *Id.* at 596–97, 126 S.Ct. 2159.

In his supplemental brief, Butler concedes that *Gifford* no longer applies with regard to the remedy available for his appeal. However, he contends we should still determine whether his Fourth Amendment rights were violated by the police's entry because such a determination would facilitate his obtaining a civil remedy, the alternative noted in *Hud-*

---

1. We express no opinion concerning Butler's rights, if any, under the Colorado Constitution because Butler's argument is limited to the Fourth Amendment. *See People v. Inman*, 765 P.2d 577, 578–79 (Colo.1988) (without clear statement that trial court relied on state law, we presume it addressed only federal constitutional law).

2. The People cited *Gifford*, 782 P.2d at 797, in their answer brief only to assert that a lawful search must be preceded by a lawful entry of the premises.

*son.* The People contend that we should not address whether Butler's Fourth Amendment rights were violated because he cannot obtain any remedy in this appeal. We agree with the People.

*Gifford* has not been overruled by the supreme court, but we conclude that *Hudson sub silentio* overruled *Gifford*.[3] Because state courts must follow Supreme Court precedent when interpreting federal constitutional law, the holding in *Hudson* necessarily prevails over the supreme court's holding in *Gifford*.

A division of this court addressed a similar inconsistency between state and federal law in *People v. Geisendorfer*, 991 P.2d 308 (Colo. App.1999). In *People v. Vance*, 933 P.2d 576, 580 (Colo.1997), the supreme court held that a failure to instruct the jury on an element of an offense is a structural defect resulting in automatic reversal of a conviction. Two years later, in *Neder v. United States*, 527 U.S. 1, 9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the United States Supreme Court held that omitting an element of an offense from a jury instruction is not a structural error. The *Geisendorfer* division noted that the United States Supreme Court is the final interpreter of the federal Constitution and held that *Neder* overruled the supreme court's contrary holding in *Vance*. *Geisendorfer*, 991 P.2d at 311.

We conclude that the inconsistent holdings in *Gifford* and *Hudson* are analogous to the situation in *Geisendorfer*. We further conclude that the Supreme Court's holding in *Hudson* controls because both decisions interpret the federal Constitution; thus, suppression of evidence is no longer a remedy in a criminal case for violations of the knock-and-announce rule.

Accordingly, we conclude that *Gifford* is no longer good law in light of the *Hudson* ruling, even though *Gifford* has not been formally overruled. We are convinced that if the Colorado Supreme Court were to address this issue, it would necessarily conclude that its holding in *Gifford* has been superseded by *Hudson*.

Butler urges us to address whether his Fourth Amendment rights were violated because he may pursue a civil remedy, which employs a similar analysis. However, whether Butler will file a civil action under 42 U.S.C. § 1983 is speculative. Furthermore, a court should not decide a constitutional issue unless the necessity for such decision is clear and inescapable. *People v. Lybarger*, 700 P.2d 910, 915 (Colo.1985). Accordingly, we decline Butler's invitation to address the merits of this issue.

## IV. Color of Authority

Butler contends the trial court erred in adding the phrase "or search warrant executed" to the jury instruction defining when a police officer acts under color of authority. The People contend the invited error doctrine precludes Butler from appealing this issue because he expressly acquiesced in the instruction at trial. We agree with the People.

The invited error doctrine prevents a party from appealing an error that he or she invited or injected into the case. *People v. Wittrein*, 221 P.3d 1076, 1082 (Colo. 2009). The doctrine is narrow and applies only to errors in trial strategy but not to errors that result from oversight or attorney incompetence. *Id.; People v. Hodges*, 134 P.3d 419, 427 (Colo.App.2005), *aff'd*, 158 P.3d 922 (Colo.2007). A jury instruction proposed by a defendant triggers the invited error doctrine. *People v. Gregor*, 26 P.3d 530, 532 (Colo.App.2000). The *Gregor* division held that a defendant's affirmative proposal of one instruction, and his acquiescence in two others directly related to the first instruction, precluded the defendant from later objecting to those instructions. *Id.* Similarly, a defendant who agrees to a court's response to a jury question may not later challenge the court's response on appeal. *People v. Phillips*, 91 P.3d 476, 484 (Colo.App.2004). In *People v. Cook*, 22 P.3d 947, 949–50 (Colo. App.2000), a division of this court held that the defendant's agreement that the trial court's supplemental cautionary instruction

---

**3.** We note that the supreme court cited *Hudson* in two recent cases, but did not mention *Gifford*. See *People v. McCarty*, 229 P.3d 1041 (Colo. 2010); *Perez v. People*, 231 P.3d 957 (Colo.2010).

to the jury would be sufficient to guard against juror exposure to extraneous information barred the defendant from later alleging the court acted in error.

The record shows that when the trial court proposed amending the jury instruction defining when a police officer acts under color of official authority by adding the phrase "or search warrant executed," defense counsel responded, "That's fine with me." Butler does not contend on appeal that his counsel's response was due to oversight or incompetence. Accordingly, we conclude that Butler's affirmative acquiescence in the trial court's changes to the jury instruction precludes Butler from claiming on appeal that the court acted in error. Thus, we decline to review this issue.

The judgment of conviction is affirmed.

Judge HAWTHORNE and Judge FURMAN concur.