Colorado Court of Appeals Opinions || February 25, 2016

Colorado Court of Appeals -- February 25, 2016
2016 COA 23. No. 12CA0066. People v. Wilder.

  

 
 
 
 COLORADO COURT OF APPEALS

 
 2016 COA 23

 
 

 Court of Appeals No. 12CA0066
 Arapahoe County District Court No. 98CR2096
 Honorable Marilyn Leonard Antrim, Judge

 The People of the State of Colorado, 

 Plaintiff-Appellee,

 v.

 Terrance Wilder,

 Defendant-Appellant. 

 SENTENCE VACATED AND CASE
 REMANDED WITH DIRECTIONS

 Division I
 Opinion by JUDGE RICHMAN
 Taubman and Terry, JJ., concur

 Announced February 25, 2016 

 Cynthia H. Coffman, Attorney General, Elizabeth Rohrbough, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

 Brad Junge, Alternate Defense Counsel, Grand Junction, Colorado, for Defendant-Appellant
  

 ¶1       In People v. Wilder, 2015 COA 14, announced February 26, 2015, we concluded that defendant’s mandatory sentence to life without parole, based on his conviction of first degree murder after deliberation committed when he was a juvenile, was unconstitutional and must be vacated under the decision of the United States Supreme Court in Miller v. Alabama, 567 U.S. __, 132 S. Ct. 2455 (2012). In reaching this result, the majority accepted the concession of the People that the Supreme Court’s decision in Miller applied retroactively to defendant’s sentence, and Judge Taubman, writing separately, concluded that Miller must be applied retroactively.

 ¶2       In People v. Tate, 2015 CO 42, the Colorado Supreme Court determined, inter alia, that the Miller decision did not apply retroactively, and thereafter, on October 13, 2015, granted the People’s petition for certiorari in Wilder, vacated our decision, and remanded the case for reconsideration in light of Tate.

 ¶3       On the same day the Colorado Supreme Court vacated and remanded our decision, the United States Supreme Court heard oral argument in Montgomery v. Louisiana, 577 U.S. ___ (2016), a case which presented the issue of whether Miller should be applied retroactively. The division decided to wait for the result in Montgomery before reconsidering Wilder’s case under Tate.

 ¶4        On January 25, 2016, the United States Supreme Court decided in Montgomery that Miller is to be applied retroactively, even to cases such as Wilder’s that were final when Miller was decided. The effect of the Montgomery decision is to overrule that portion of Tate that concluded that Miller is not to be applied retroactively. See People v. Butler, 251 P.3d 519, 522 (Colo. App. 2010) (the United States Supreme Court is the final interpreter of the Federal Constitution and its holdings overrule the Colorado Supreme Court’s contrary holdings).

 ¶5        Accordingly, we now reconsider our decision in this case based on the portions of Tate that remain viable.

 ¶6        In Miller, the Supreme Court explained how a scheme imposing mandatory life without parole, especially on juveniles convicted of the most serious crimes, violates the Eighth Amendment because it precludes consideration of the offender’s “chronological age and its hallmark features — among them, immaturity, impetuosity, and failure to appreciate risks and consequences.” 567 U.S. at __, 132 S. Ct. at 2468. The Court noted that a sentence to mandatory life without parole negates the possibility of rehabilitation, even in those cases where the circumstances most strongly indicate its likelihood. Id.

 ¶7        The Court also stated that “[a]lthough we do not foreclose a sentencer’s ability to make [a determination that the juvenile’s crime reflects irreparable corruption] in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.” Id. at __, 132 S. Ct. at 2469. And, the Court cautioned, “we think appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon.” Id.

 ¶8        The Supreme Court’s decision in Montgomery reiterated the conclusions of Miller, noting that Miller “did more than require a sentencer to consider a juvenile offender’s youth before imposing life without parole; it established that the penological justifications for life without parole collapse in light of ‘the distinctive attributes of youth.’” 577 U.S. at __, 2016 WL 280758, at *13 (quoting Miller, 567 U.S. at __, 132 S. Ct. at 2465). Montgomery also noted that “[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity — and who have since matured — will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.” Id. at __, 2016 WL 280758, at *16. Montgomery concluded that “[a]fter Miller, it will be the rare juvenile offender who can receive” a sentence of life without parole. Id. at __, 2016 WL 280758, at *13.

 ¶9        Based on Miller’s analysis, we concluded in our opinion in Wilder that because the trial court sentenced defendant to mandatory life without the possibility of parole as was required by the law in 1999, it was clear that defendant’s sentence must be vacated and his case remanded to the trial court for an individualized determination whether life without parole is an appropriate sentence. On reconsideration, as directed by the Colorado Supreme Court, and in light of the decision in Montgomery, we reach the same result.

 ¶10        In Tate, the Colorado Supreme Court set forth a method for proceeding when sentences that are unconstitutional under Miller must be vacated. It noted that because “Miller does not go so far as to declare LWPP [life with the possibility of parole after forty years] unconstitutional as applied to juveniles, we find that it is not only the appropriate sentence but also a constitutional one if LWOP [life without the possibility of parole] is determined to be unwarranted under Miller.” Tate, ¶50. It concluded that if life without the possibility of parole is deemed unwarranted, life with the possibility of parole after forty years is the appropriate sentence because it is the sentence that best reflects legislative intent. Id. at ¶47.

 ¶11        Therefore, the court held:

 the proper remedy after Miller is to vacate a defendant’s LWOP and to remand the case to the trial court to consider whether LWOP is an appropriate sentence given the defendant’s “youth and attendant characteristics.” If the trial court concludes that LWOP is unwarranted, LWPP is the appropriate sentence.

 Id. at ¶51.

 ¶12        Upon reconsideration, and applying Miller and the proper remedy announced in Tate, we vacate Wilder’s sentence to life without possibility of parole and remand this case to the trial court, directing it to consider whether life without the possibility of parole is an appropriate sentence given the defendant’s “youth and attendant characteristics” as discussed in Miller. 567 U.S. at __, 132 S. Ct. at 2471. The trial court may also consider Montgomery’s suggestion that the defendant’s conduct while in prison may be “an example of one kind of evidence that prisoners might use to demonstrate rehabilitation.” 577 U.S. at __, 2016 WL 280758, at *16.

 ¶13        If the trial court concludes that life without possibility of parole is unwarranted, life with the possibility of parole after forty years is the appropriate sentence.

 ¶14        In all other respects, we reinstate the division’s decision of February 26, 2015.

 JUDGE TAUBMAN and JUDGE TERRY concur.

These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 

Colorado Court of Appeals Opinions || February 25, 2016

Back