2016 COA 23

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Terrance WILDER, Defendant–Appellant.**

**Court of Appeals No. 12CA0066**

Colorado Court of Appeals,
Div. I.

Announced February 25, 2016

Rehearing Denied March 24, 2016

Cynthia H. Coffman, Attorney General, Elizabeth Rohrbough, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Brad Junge, Alternate Defense Counsel, Grand Junction, Colorado, for Defendant–Appellant.

Opinion by JUDGE RICHMAN

¶ 1 In *People v. Wilder*, 2015 COA 14, —— P.3d ——, announced February 26, 2015, we concluded that defendant's mandatory sentence to life without parole, based on his conviction of first degree murder after deliberation committed when he was a juvenile, was unconstitutional and must be vacated under the decision of the United States Supreme Court in *Miller v. Alabama*, 567 U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). In reaching this result, the majority accepted the concession of the People that the Supreme Court's decision in *Miller* applied retroactively to defendant's sentence, and Judge Taubman, writing separately, concluded that *Miller* must be applied retroactively.

¶ 2 In *People v. Tate*, 2015 CO 42, 352 P.3d 959, the Colorado Supreme Court determined, inter alia, that the *Miller* decision did not apply retroactively, and thereafter, on October 13, 2015, granted the People's petition for certiorari in *Wilder*, vacated our decision, and remanded the case for reconsideration in light of *Tate*.

¶ 3 On the same day the Colorado Supreme Court vacated and remanded our decision, the United States Supreme Court heard oral argument in *Montgomery v. Louisiana*, 577 U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), a case which presented the issue of whether *Miller* should be applied retroactively. The division decided to wait for the result in *Montgomery* before reconsidering Wilder's case under *Tate*.

¶ 4 On January 25, 2016, the United States Supreme Court decided in *Montgomery* that *Miller* is to be applied retroactively, even to cases such as Wilder's that were final when *Miller* was decided. The effect of the *Montgomery* decision is to overrule that portion of *Tate* that concluded that *Miller* is not to be applied retroactively. *See People v. Butler*, 251 P.3d 519, 522 (Colo. App. 2010) (the United States Supreme Court is the final interpreter of the Federal Constitution and its holdings overrule the Colorado Supreme Court's contrary holdings).

¶ 5 Accordingly, we now reconsider our decision in this case based on the portions of *Tate* that remain viable.

¶ 6 In *Miller*, the Supreme Court explained how a scheme imposing mandatory life without parole, especially on juveniles convicted of the most serious crimes, violates the Eighth Amendment because it precludes consideration of the offender's "chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences." 567 U.S. at ——, 132 S.Ct. at 2468. The Court noted that a sentence to mandatory life without parole negates the possibility of rehabilitation, even in those cases where the circumstances most strongly indicate its likelihood. *Id.*

¶ 7 The Court also stated that "[a]lthough we do not foreclose a sentencer's ability to make [a determination that the juvenile's crime reflects irreparable corruption] in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at ——, 132 S.Ct. at 2469. And, the Court cautioned, "we think appropriate occasions

for sentencing juveniles to this harshest possible penalty will be uncommon." *Id.*

¶ 8 The Supreme Court's decision in *Montgomery* reiterated the conclusions of *Miller*, noting that *Miller* "did more than require a sentencer to consider a juvenile offender's youth before imposing life without parole; it established that the penological justifications for life without parole collapse in light of 'the distinctive attributes of youth.'" 577 U.S. at ——, 136 S.Ct. at 734 (quoting *Miller*, 567 U.S. at ——, 132 S.Ct. at 2465). *Montgomery* also noted that "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." *Id.* at ——, 136 S.Ct. at 736. *Montgomery* concluded that "[a]fter *Miller*, it will be the rare juvenile offender who can receive" a sentence of life without parole. *Id.* at ——, 136 S.Ct. at 733–34.

¶ 9 Based on *Miller*'s analysis, we concluded in our opinion in *Wilder* that because the trial court sentenced defendant to mandatory life without the possibility of parole as was required by the law in 1999, it was clear that defendant's sentence must be vacated and his case remanded to the trial court for an individualized determination whether life without parole is an appropriate sentence. On reconsideration, as directed by the Colorado Supreme Court, and in light of the decision in *Montgomery*, we reach the same result.

¶ 10 In *Tate*, the Colorado Supreme Court set forth a method for proceeding when sentences that are unconstitutional under *Miller* must be vacated. It noted that because "*Miller* does not go so far as to declare LWPP [life with the possibility of parole after forty years] unconstitutional as applied to juveniles, we find that it is not only the appropriate sentence but also a constitutional one if LWOP [life without the possibility of parole] is determined to be unwarranted under *Miller*." *Tate*, ¶ 50. It concluded that if life without the possibility of parole is deemed unwarranted, life with the possibility of parole after forty years is the appropriate

sentence because it is the sentence that best reflects legislative intent. *Id.* at ¶ 47.

¶ 11 Therefore, the court held:

the proper remedy after *Miller* is to vacate a defendant's LWOP and to remand the case to the trial court to consider whether LWOP is an appropriate sentence given the defendant's "youth and attendant characteristics." If the trial court concludes that LWOP is unwarranted, LWPP is the appropriate sentence.

*Id.* at ¶ 51.

¶ 12 Upon reconsideration, and applying *Miller* and the proper remedy announced in *Tate,* we vacate Wilder's sentence to life without possibility of parole and remand this case to the trial court, directing it to consider whether life without the possibility of parole is an appropriate sentence given the defendant's "youth and attendant characteristics" as discussed in *Miller.* 567 U.S. at ——, 132 S.Ct. at 2471. The trial court may also consider *Montgomery*'s suggestion that the defendant's conduct while in prison may be "an example of one kind of evidence that prisoners might use to demonstrate rehabilitation." 577 U.S. at ——, 136 S.Ct. at 736.

¶ 13 If the trial court concludes that life without possibility of parole is unwarranted, life with the possibility of parole after forty years is the appropriate sentence.

¶ 14 In all other respects, we reinstate the division's decision of February 26, 2015.

JUDGE TAUBMAN and JUDGE TERRY concur.