Filed 6/20/24  P. v. Wong CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ANDREW WONG,<br><br>　　　Defendant and Appellant. | A168706<br><br>(Alameda County<br>Super. Ct. No. 163657) |

Andrew Wong appeals from an order denying his motion for a hearing to preserve evidence for a future youth offender parole hearing.  Wong is serving a sentence of life without parole, plus 50 years, for murders he committed when he was 19 and 20 years old.  He contends that excluding youthful offenders who are serving life without parole sentences from youth offender parole hearings, while providing those hearings to other youthful offenders who were between 18 and 25 years old when they committed their crime, violates the equal protection clause of the 14th Amendment.  Alternatively, he contends the denial of such hearings for youthful offender life without parole prisoners violates federal and state constitutional prohibitions against cruel and unusual punishment.  Applying recent and well-established precedent, we disagree and affirm.

# I.  BACKGROUND

In 2008, Wong, then 19 years old, shot and killed his bookie.  The next year, Wong shot and killed his coworker, who acted as a go-between for him with another bookie.  In 2012, a jury convicted Wong of two counts of murder (Pen. Code,[1] § 187, subd. (a)) with a multiple murder special circumstance finding (§ 190.2, subd. (a)(3)).  He was sentenced to life without the possibility of parole, plus 50 years.  In 2015, we affirmed the judgment.  (*People v. Wong* (June 16, 2015, A137584) [nonpub. opn.].)

In July 2023, Wong moved for a hearing to preserve evidence for use at a future youth offender parole hearing pursuant to section 1203.01.  (*People v. Franklin* (2016) 63 Cal.4th 261; *In re Cook* (2019) 7 Cal.5th 439.)  The trial court denied the motion, finding he was ineligible for a youth offender parole hearing under section 3051, subdivision (h) because he was older than 18 when he committed the crimes.

# II.  DISCUSSION

## A.  *Youth Offender Parole Statute*

"California's youth offender parole statute offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age.  (Pen. Code, §§ 3051, 4801.)  When it was first enacted in 2013, the statute applied only to individuals who committed their crimes before the age of 18; the purpose of the statute was to align California law with then-recent court decisions identifying Eighth Amendment limitations on life without parole sentences for juvenile offenders.  In more recent years, however, the Legislature has expanded the statute to include certain young adult offenders as well.  Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are

---

[1] All statutory references are to the Penal Code.

entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration. (Pen. Code, § 3051, subd. (b).) But not all youthful offenders are eligible for parole hearings. The statute excludes, among others, offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18. (*Id.*, subd. (h).)" (*People v. Hardin* (2024) 15 Cal.5th 834, 838–839.)

### 1. Equal Protection

Wong first argues section 3051, subdivision (h) violates the federal constitutional guarantee of equal protection by excluding youthful offenders serving life without parole sentences from being eligible for a youth offender parole hearing. After he filed his opening brief, however, the California Supreme Court held section 3051's exclusion of youthful offenders serving life without parole from the youthful offender parole scheme does not violate equal protection. (*People v. Hardin*, *supra*, 15 Cal.5th at p. 839.) In his reply brief, Wong acknowledges this court is bound by *Hardin*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455–456.) Therefore, we reject Wong's equal protection challenge to section 3051.

### 2. Cruel and Unusual Punishment

Wong also argues that imposing life without parole sentences on youthful offenders without considering mitigating youth-related factors violates federal and state proscriptions against cruel and unusual punishment. This argument has been rejected by both state and federal courts.

"The Eighth Amendment to the United States Constitution 'guarantees individuals the right not to be subjected to excessive sanctions' and 'flows from the basic " 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.' " ' [Citation.] To determine

3

whether a punishment is cruel and unusual, 'courts must look beyond historical conceptions to " 'the evolving standards of decency that mark the progress of a maturing society.' " ' [Citation.] 'This is because "[t]he standard of extreme cruelty is not merely descriptive, but necessarily embodies a moral judgment. The standard itself remains the same, but its applicability must change as the basic mores of society change." ' " (*People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1030 (*Montelongo*).) The "Eighth Amendment 'forbids only extreme sentences that are "grossly disproportionate" to the crime.' " (*People v. Edwards* (2019) 34 Cal.App.5th 183, 190 (*Edwards*).)

" ' "Article I, section 17, of the California Constitution separately and independently lays down the same prohibition." ' " (*Edwards, supra,* 34 Cal.App.5th at p. 191.) "California's prohibition on 'cruel or unusual punishment' [citation] has been read to bar any sentence ' "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." ' " (*People v. Brewer* (2021) 65 Cal.App.5th 199, 213.) The federal and state approaches to cruel and unusual punishment claims largely "overlap," both using " 'gross proportionality' " as their " 'touchstone.' " (*People v. Baker* (2018) 20 Cal.App.5th 711, 733.)

Whether a punishment is cruel or unusual is a question of law, which we review de novo. (*Edwards, supra,* 34 Cal.App.5th at p. 190.) "Whether a particular punishment is disproportionate to the offense is, of course, a question of degree. The choice of fitting and proper penalties is not an exact science, but a legislative skill involving an appraisal of the evils to be corrected, the weighing of practical alternatives, consideration of relevant policy factors, and responsiveness to the public will; in appropriate cases, some leeway for experimentation may also be permissible. The judiciary,

4

accordingly, should not interfere in this process unless a statute prescribes a penalty 'out of all proportion to the offense' [citations], i.e., so severe in relation to the crime as to violate the prohibition against cruel or unusual punishment." (*In re Lynch* (1972) 8 Cal.3d 410, 423–424.)

Whether a sentence is "grossly disproportionate" to an offense is measured by the " 'circumstances existing at the time of the offense.' " (*In re Williams* (2020) 57 Cal.App.5th 427, 437.) " ' "[A] petitioner attacking his sentence as cruel or unusual must demonstrate his punishment is disproportionate in light of (1) the nature of the offense and defendant's background, (2) the punishment for more serious offenses, or (3) punishment for similar offenses in other jurisdictions." ' " (*Ibid.*) "In examining the nature of the offender, we consider ' "whether 'the punishment is grossly disproportionate to the defendant's individual culpability as shown by such factors as his age, prior criminality, personal characteristics, and state of mind.' " ' " (*People v. Gomez* (2018) 30 Cal.App.5th 493, 500.) Wong contends that his life without parole sentence is cruel and unusual because he was only 19 and 20 years old at the time he committed the murders.

California statutory and case law establish a bright-line rule that 18 year olds are treated as adults, not juveniles. Section 3051 was enacted by California's Legislature in 2013 to align with the United States Supreme Court's decision in *Miller v. Alabama* (2012) 567 U.S. 460. (Stats. 2013, ch. 312, § 1.) The *Miller* court held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." (*Id.* at p. 479.) In doing so, *Miller* observed that " 'developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds' " and that "those findings—of transient rashness, proclivity for risk, and inability to assess

consequences—both lessened a child's 'moral culpability' and enhanced the prospect that, as the years go by and neurological development occurs, [his or her] ' "deficiencies will be reformed." ' " (*Id.* at pp. 471–472.)

Shortly after *Miller*, the California Supreme Court held that sentencing a juvenile to a term functionally equivalent to life without parole for a nonhomicide crime also violated the Eighth Amendment. (*People v. Caballero* (2012) 55 Cal.4th 262, 267–268.) But more broadly, California courts have not extended *Miller*'s rationale to cases involving youthful offenders. (*Montelongo*, *supra*, 55 Cal.App.5th at pp. 1031–1032 [collecting cases].)

Wong's reliance on cases from other jurisdictions does not persuade us to do so. For example, in *People v. Wilder* (Colo. Ct.App. 2016) 371 P.3d 727, the Colorado Court of Appeal held that a sentence of life without the possibility of parole for a 17-year-old juvenile violated the Eighth Amendment, and it vacated the sentence and remanded the case to the trial court for proper consideration of the defendant's " 'youth and attendant characteristics.' " (*Wilder*, at p. 729.)

Similarly, in *People v. Parks* (Mich. 2022) 987 N.W.2d 161, the Michigan Supreme Court held that the state "Constitution requires that 18-year-olds convicted of first-degree murder receive the same individualized sentencing procedure . . . as juveniles who have committed first-degree murder, instead of being subjected to a mandatory life-without-parole sentence like other older adults." (*Id.* at p. 171.) In reaching its holding, the *Parks* court conducted a proportionality analysis under the state's cruel and unusual punishment clause that was interpreted to provide broader protection than the federal Eighth Amendment. (*Parks*, at pp. 176–182.) Moreover, *Parks* is limited to 18 year olds based on the fact that "their neurological characteristics are identical to those of juveniles." (*Id.* at

6

pp. 182–183.) *Wilder* and *Parks* do not help Wong. They apply only to juveniles and 18 year olds, whereas Wong was 19 and 20 at the time of his offenses.

Lastly, in *Commonwealth v. Mattis* (Mass. 2024) 224 N.E.3d 410, the Massachusetts Supreme Court held that "a sentence of life without the possibility of parole for emerging adult offenders," meaning those who are 18, 19, and 20 years old, violates article 26 of the Massachusetts Declaration of Rights. (*Mattis*, at pp. 415, 428.) The *Mattis* court based its decision on precedent and its perception of contemporary standards of decency. (*Id*. at p. 415.) Like Michigan, the Massachusetts Supreme Court had interpreted its constitutional prohibition of cruel or unusual punishment more broadly than the federal Eighth Amendment, and following its precedent held that "sentencing a juvenile to life without parole in any circumstance would violate art. 26." (*Mattis*, at p. 415.)

While evolving standards of decency—in California and elsewhere—may lead to a change that forbids sentencing youthful offenders to life terms without parole, it is not our role to do so. (See *In re Lynch*, *supra*, 8 Cal.3d at pp. 423–424.) "Our nation's, and our state's, highest court have concluded 18 years old is the bright-line rule and we are bound by their holdings." (*People v. Perez* (2016) 3 Cal.App.5th 612, 617.) "Unless and until the United States Supreme Court, the California Supreme Court, the Legislature, or the voters by initiative change the law, we are bound to apply it." (*Montelongo, supra*, 55 Cal.App.5th at p. 1032.)

The weight of California and Untied States Supreme Court authority requires that we reject Wong's challenge to section 3051's exclusion of youthful offenders as violative of the cruel and unusual punishments clauses of the federal and state Constitutions.

7

### III. DISPOSITION

The order denying Wong's motion pursuant to section 1203.01 to preserve evidence for a youth offender parole hearing is affirmed.

SIGGINS, J.*

WE CONCUR:

HUMES, P. J.

LANGHORNE WILSON, J.

A168706
*People v. Wong*

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9